

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Taylor Carlisle
District Attorney
Kaufman County
Kaufman, Texas

Dear Sir:

Opinion No. 0-5221
Re: Appointment and salary of
county auditor under the
provisions of Article 1645,
Vernon's Annotated Civil
Statutes.

    Your letter of July 9, 1943, requesting the opinion of this department on the questions stated therein has been received. We quote from your letter as follows:

    "I would like to have your opinion on the question and statement of facts which I have herein set out.

    "Under Art. 1645 which pertains to the appointment and salary of County Auditors, the district Judge on July 2, 1943 appointed a new and different County Auditor for Kaufman County, and by his order of appointment set the salary of said Auditor at $3600 a sum which was over and above that which was allowed the County Auditor under the general law as existed on January 1, 1940 as provided in Art. 1645. Quoting from Art. 1645 as amended in 1941 by the 47th Leg., p. 1331, ch. 601, Sec. 1 there is a provision to-wit: 'Provided however, any increase in the salary of any such County Auditor, over and above the annual salary allows such County Auditor under the general law provided in Art. 1645, as said Art. existed on January 1, 1940, shall only be allowed as permitted with the express consent and approval of the Commissioners' Court of the County whose County

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Auditor is affected or may be affected by the provisions of this act.'

"Under the above statement of facts and the quoted provision of Art. 1645 does the District Judge have the right to set the County Auditor's salary at a sum over and above that which existed on January 1, 1940, without the express consent and approval of the Commissioners' Court of Kaufman County by an order duly recorded in the minutes of said Court?  The question put another way, does the Commissioners' Court have any discretionary power in setting the salary of such Auditor?"

Senate Bill No. 119, Acts of the 47th Legislature, Regular Session, 1941, amending Article 1645, Vernon's Annotated Civil Statutes, reads in part as follows:

"Article 1645.  In any county having a population of thirty-five thousand (35,000) inhabitants, or over, according to the last preceding Federal Census, or having a tax valuation of Fifteen Million ($15,000,000.00) Dollars, or over, according to the last approved tax roll, there shall be biannually appointed an auditor of accounts and finances, the title of said officer to be county auditor, who shall hold his office for two (2) years and who shall receive as compensation for his services to the county as such county auditor, an annual salary of not more than the annual salary allowed or paid the assessor and collector of taxes in his county, and not less than the annual salary allowed such county auditor under the general law provided in Article 1645, Revised Civil Statutes, as said article existed on January 1, 1940, such salary of the county auditor to be fixed and determined by the district judge or district judges making such appointment and having jurisdiction in the county, a majority ruling, said annual salary to be paid monthly out of the general fund of the county.  The action of said district judge or district judges in determining and fixing the salary of this county auditor shall be made by order

and recorded in the minutes of the district court of the county, and the clerk thereof shall certify the same for observance to the commissioners' court which shall cause the same to be recorded in its minutes; after the salary of the county auditor has been fixed by the district judge or district judges, no change in such salary shall thereafter become effective until the beginning of the next ensuing fiscal year of the county. Provided however, any increase in the salary of any such county auditor, over and above the annual salary allowed such county auditor under the general law provided in Article 1645, as said article existed on January 1, 1940, shall only be allowed and permitted with the express consent and approval of the commissioners' court of the county whose county auditor is affected or may be affected by the provisions of this act; such consent and approval of such commissioners' court shall be made by order of such court and recorded in the minutes of the commissioners' court of such county. . . ."

Article 1645, Vernon's Annotated Civil Statutes, as it existed January 1, 1940, read in part as follows:

"In any county having a population of thirty-five thousand (35,000) inhabitants, or over, according to the preceding Federal Census, or having a tax valuation of Fifteen Million ($15,000,000.00) Dollars, or over, according to the last approved tax rolls, there shall be biannually appointed an auditor of accounts and finances, the title of said officer to be county auditor, who shall hold his office for two (2) years, and who shall receive as compensation for his services One Hundred and Twenty-five Dollars ($125.00) for each million dollars, or major portion thereof from the assessed valuation, the annual salary to be computed from the last approved tax roll; said annual salary from county funds shall not exceed Three Thousand, Six Hundred Dollars ($3,600.00) . . ."

Senate Bill No. 119, supra, among other things, provides in effect that the county auditor shall receive a salary

as compensation for his services to the county as such county auditor an annual salary of not more than the annual salary allowed or paid the assessor and collector of taxes in the county, and not less than the annual salary allowed such county auditor under the general law provided in Article 1645, Revised Civil Statutes, as said article existed on January 1, 1940. The salary of the county auditor is to be fixed and determined by the district judge or district judges having jurisdiction in the county, and where there is more than one district judge, a majority ruling must be had in determining and fixing the salary of the county auditor. However, if there is any increase in the salary of the county auditor, over and above the annual salary allowed the county auditor under the general law provided in Article 1645, as said Article existed on January 1, 1940, the same shall only be allowed or permitted with the express consent and approval of the commissioners' court of the county whose county auditor is affected by the provisions of the Act and such consent and approval of such commissioners' court shall be made by order of such court and recorded in the minutes of the commissioners' court of such county. In other words, the salary of the county auditor is to be determined and fixed by the district judge or district judges having jurisdiction in the county, and if there is an increase in the salary of the county auditor over and above the annual salary allowed such county auditor under the general law provided in Article 1645, as said article existed on January 1,1940, the increase in salary shall not be allowed or permitted without the express consent and approval of the commissioners' court of the county whose county auditor is affected.

Kaufman county has a population of more than 35,000 inhabitants according to the last Federal Census and its tax valuation is more than $15,000,000.00 according to the last approved tax roll. Therefore, the provisions of the foregoing statute are applicable to Kaufman County.

In answer to your first question you are respectfully advised that it is our opinion under the above statement of facts and the foregoing statutes, that the salary of the county auditor is to be determined and fixed by the district judge or district judges having jurisdiction in the county, and if there is an increase in the salary of the county auditor over

and above the annual salary allowed such county auditor under the general law provided in Article 1645, as said article existed on January 1, 1940, the increase in salary shall not be allowed or permitted without the express consent and approval of the commissioners' court of Kaufman County.

Considering what has been said in answer to your first question, it necessarily follows that your second question requires no further discussion.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

FIRST ASSISTANT
ATTORNEY GENERAL

AW:db


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN